## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

PARADISE OCEAN CLUB LLC,                        )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )
                                                )
NATIONAL PARK SERVICE,                          )       Civ. Action No. 23-2232
        an agency of the United States          )
        Department of the Interior,             )
                                                )
        and                                     )
                                                )
U.S. DEPARTMENT OF THE                          )
INTERIOR,                                       )
                                                )
                    Defendants.                 )

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      Plaintiff Paradise Ocean Club LLC ("Plaintiff" or "POC") submitted a Freedom of

Information Act ("FOIA") request to Defendant National Park Service ("NPS") on September 6,

2022 for records concerning Plaintiff which were sent in 2022 to or from either the

Superintendent of Fort Monroe National Monument or the Superintendent of Colonial National

Park.  NPS failed to make a determination on the FOIA request and failed to disclose the

requested documents within the time prescribed by FOIA.  Plaintiff then appealed that failure to

the FOIA Appeals Officer for NPS who is with the Office of the Solicitor for the U.S.

Department of the Interior ("USDOI") in Washington, DC.  Plaintiff's appeal was denied.

Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the

FOIA.  Plaintiff requests the Court to issue an order declaring that the Defendants violated the

FOIA by refusing to produce records responsive to Plaintiff's request pursuant to FOIA.

### JURISDICTION AND VENUE

2.      Plaintiffs bring this action pursuant to the judicial review provisions of the

Administrative Procedure Act, 16 U.S.C. §§701-706 ("APA").

3.      This Court has jurisdiction over this action by virtue of 5 U.S.C. §§ 552(a)(4)(B),

(6)(C)(i), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 2201 (declaratory

judgment).

4.      An actual, justiciable controversy exists between the Plaintiff and Defendants.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendants' FOIA

Appeals Officer's offices are located within this judicial district and events or omissions giving

rise to the claims occurred within this judicial district.

### PARTIES

6.      Plaintiff Paradise Ocean Club LLC is a limited liability corporation established pursuant

to the laws of the Commonwealth of Virginia.  Plaintiff's registered location of business is 490

Fenwick Road, Hampton, Virginia 23651.  Plaintiff's registered office address is 450 Honey

Locust Way, Chesapeake, Virginia 23320.

7.      Defendant National Park Service ("NPS") is an agency of the United States Department

of the Interior and an agency of the United States under 5 U.S.C. § 552(f)(1).  Among other

duties, NPS is responsible for administering Fort Monroe National Monument, including

administering leases issued for operations at that site.  NPS has records in its possession, custody

and control which are responsive to Plaintiff's FOIA request.  NPS is charged with the duty to

provide public access to records in its possession consistent with the requirements of FOIA.

8.      Defendant U.S. Department of the Interior ("USDOI") is an agency of the United States under 5 U.S.C. § 552(f)(1).  Among other duties, USDOI is responsible for resolving appeals submitted to NPS regarding responses to requests under the Freedom of Information Act.

## STATEMENT OF FACTS

9.      Plaintiff's FOIA request was submitted to NPS on September 6, 2022.

10.     NPS did not respond to Plaintiff's request within the 20 working days required by law (5 U.S.C. § 552 (a)(6); 43 C.F.R. § 2.16).

11.     NPS then responded by letter dated October 17, 2022 in which NPS stated that it was "unable to make a determination on [Plaintiff's] request" and that Plaintiff may file an appeal regarding the delay.

12.     NPS has deliberately understaffed its FOIA offices.

13.     NPS has stated that NPS' FOIA offices have too many FOIA requests to possibly handle in the timelines set out in the FOIA.

14.     Therefore, the delay by NPS appears to be due to NPS' deliberate decision to understaff its FOIA offices which ensures that the public does not receive responses to FOIA requests in the manner required by Congress under the FOIA and thus effectively defeats Congress' purpose in enacting FOIA.

15.     Plaintiff submitted an appeal to Defendant's Appeals Officer at the USDOI on May 22, 2023.

16.     The USDOI responded to Plaintiff's appeal on July 26, 2023 and asserted that "it is regrettable that [NPS] has not yet advised whether it will comply with the FOIA request" and that Plaintiff may "treat the lack of a response by [NPS] as a denial of the FOIA request and appeal and seek judicial review under 5 U.S.C. § 552(a)(4)(B)."

## <u>CAUSES OF ACTION</u>

### <u>COUNT ONE</u>
**Violation of Freedom of Information Act**

17.    Plaintiff repeats and realleges the foregoing paragraphs above and incorporates them as though fully set forth herein.

18.    Under the FOIA, Defendants were required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within 20 working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

19.    Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### <u>COUNT TWO</u>
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search**

20.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21.    Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### <u>COUNT THREE</u>
**Violation of the Freedom of Information Act, 5 U.S.C. § 552;**
**Wrongful Withholding of Records**

22.    Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

23.    Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

24.     Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

25.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

26.     Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;

2.     Declare that Defendants' failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

3.     Order Defendants to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

4.     Declare that Defendants' failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

5.     Order Defendants to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

6.     Award Plaintiff its attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7.     Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted this 2nd day of August, 2023.

By:

/s/Kevin R. Garden
Kevin R. Garden
DC Bar No. 426745
THE GARDEN LAW FIRM, P.C.
66 Canal Center Plaza, Suite 505
Alexandria, VA 22314
*Telephone*: (703) 535-5565
*Email:*  kevin@gardenlawfirm.com

Attorney for Plaintiff